UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA HENDERSON, | ) | CASE NO. 1:18CV189 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Jessica Henderson ("Henderson") appeals from the decision of the Acting Commissioner of Social Security ("Commissioner"), denying her application for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The matter was referred to Magistrate Judge David A. Ruiz for the preparation of a Report & Recommendation ("R&R"). The R&R recommends that the Court affirm the Commissioner's decision. (Doc. No. 13.) Plaintiff has filed objections to the R&R (Doc. No. 15 ["Obj."]), and the Commissioner has filed a response. (Doc. No. 16 ["Res."].) Upon *de novo* review and for the reasons set forth below, the Court overrules the objections, accepts the R&R, and dismisses the case.

I.  **BACKGROUND**

Henderson filed her application on October 28, 2014. (Doc. No. 9 (Transcript ["TR"] at 239-248[1].) She alleged disability beginning January 1, 2014. (Doc. No. 9 (Decision of

---
[1] Unless otherwise noted, all page number references are to the page identification number generated by the Court's electronic docketing system.

Administrative Law Judge ["ALJ"]) at TR 72) due to scoliosis, depression, torn meniscus, and glaucoma. (*Id*. at 260.) The application was denied initially, and upon reconsideration. Henderson requested a hearing before the ALJ. The hearing, at which Henderson appeared with counsel, was conducted on February 8, 2017. The hearing transcript is in the record. (*Id*. at 92-127.) On May 2, 2017, the ALJ issued her decision, determining that Henderson was not disabled under the relevant statutes. (*Id*. at 69-87.)

Henderson timely filed the instant action, seeking judicial review. Henderson, represented by counsel, filed a brief on the merits (Doc. No. 11), and the Commissioner filed a response brief on the merits. (Doc. No. 12.) On December 21, 2018, the magistrate judge issued his R&R, recommending that the Commissioner's decision be affirmed because it applied the appropriate legal standards and was supported by substantial evidence.[2]

**II. DISCUSSION**

    **A.    Standard of Review**

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any

---

[2] This matter was temporarily stayed pursuant to General Order 2018-15 during the recent government shutdown. On January 9, 2019, the undersigned lifted the stay in this case for the limited purpose of affording Henderson the opportunity to file objections to the R&R. (Doc. No. 14 (Order).) Following the termination of the shutdown, the Court granted the Commissioner leave to file a response. (Non-Document Order, dated 1/28/19.)

objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If there is substantial evidence to support the Commissioner's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in claimant's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

### B. Analysis

In her objections, Henderson asserts that the R&R commits reversible error by concluding that the ALJ attributed the appropriate weight to the treating source opinion of Dr. Abdul-Ghani M. Orra ("Dr. Orra"), Henderson's primary care physician. She takes issue with the magistrate judge's decision to credit the ALJ's determination that Dr. Orra's opinion lacked supportability due to the absence of an explanation or narrative to support the physician's

assessed restrictions (*see* R&R at 811). According to Henderson, the magistrate judge failed to take into consideration Dr. Orra's notes documenting Henderson's reports of pain and "corresponding objective findings of antalgic gait, bilateral positive straight leg raise, muscle spasms, and absent ankle reflexes." (Obj. at 819) (citing to the transcript)). She insists that "[t]he patient notes/opinions and the longstanding relationship between [Henderson] and Dr. Orra places him in the best possible position to assess the longitudinal impact of her condition upon her residual functional capacity." (*Id*. at 820.)

"The treating physician rule requires the ALJ to assign a treating physician's opinion controlling weight if it is 'well-supported by medically acceptable clinic and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record.'" *Perry v. Comm'r of Soc. Sec.*, No. 17-4182, 2018 WL 2470915, at *3 (6th Cir. June 4, 2018) (quoting 20 C.F.R. § 404.1527(c)(2)) (alteration in original). If the ALJ does not assign controlling weight to a treating source opinion, he or she must give "good reasons" for discounting the opinion. *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017) (cited by *Perry*). These reasons must be "sufficiently specific to make clear to any subsequent reviewers the weight given to the treating physician's opinion and the reasons for that weight." *Austin v. Comm'r of Soc. Sec.*, 714 F. App'x 569, 573 (6th Cir. 2018).

In the present case, the ALJ gave partial weight to Dr. Orra's opinion, rejecting Dr. Orra's limitations, including the assessed exertional and postural limitations and the recognition of the need to take unscheduled breaks. In declining to give controlling weight to a treating source opinion, the ALJ explained that the limitations imposed by Dr. Orra were inconsistent with the limitations set forth by Henderson's orthopedic surgeon, Dr. Jonathan E. Belding, and

4

were even inconsistent with Dr. Orra's own treatment notes relating to Henderson's ability to engage in certain physical activities, "such as vacuuming and mopping, driving, cooking, swimming, and traveling out of state to places, such as Florida, Boston, and Las Vegas." (TR. at 84.)

Citing *Craddock v. Colvin*, No. 1:14-cv-01328, 2015 WL 4664006 (N.D. Ohio Aug. 6, 2015), Henderson suggests that the ALJ discounted the relationship Dr. Orra had with Henderson and "the value of the doctor's patients notes."[3] (Obj. at 819.) However, *Craddock* did not stand for the proposition that every treatment note must be considered an opinion, but rather supports the proposition that medical records may contain professional opinions that should be considered by the ALJ. *Craddock*, 2015 WL 4664006, at *2-3 (reversing decision of Commissioner where ALJ failed to consider medical opinions contained within treatment notes).[4] Moreover, there is no requirement that the ALJ discuss ever piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006).

In this case, the ALJ extensively considered the medical evidence and provided "good reasons" for declining to afford controlling weight to the opinion of a treating physician. There is nothing in the record that would suggest that the ALJ failed to consider Dr. Orra's treatment notes, as the ALJ actually relied on inconsistencies contained within these notes, in part, to

---

[3] While Henderson stresses her long-term relationship with Dr. Orra as a basis for finding the ALJ's decision fatally flawed for failing to highlight certain objective findings, most of the findings she cites were actually made by Dr. Samuel Rosenberg, a neurologist who, at Dr. Orra's request, performed a "Spine Consult" on July 22, 2015. (TR at Bates Nos. 524-28.) The ALJ referenced the findings from Rosenberg's consultative examination in his discussion regarding Henderson's claimed spinal disorders. (TR at 77.) There is no evidence in the record to suggest that Dr. Rosenberg saw Henderson on any other occasion or provided any treatment.

[4] The decision in *Craddick* is further distinguished on the ground that the ALJ there "fail[ed] to consider or even mention" the opinion of a treating physician found within the doctor's treatment notes. *Craddick*, 2015 WL 4664066, at *2. Here, the ALJ considered, and specifically discussed, the treatment notes. Henderson merely takes issues with the ALJ's assessment of the weight to be given to those notes. Because the ALJ's analysis is and conclusion are supported by substantial evidence, Henderson's argument has no merit.

conclude that Dr. Orra's opinion as to limitations was not entitled to controlling weight.

In fact, it is clear that the ALJ considered the portion of the treatment notes recording Henderson's subjective reports of pain and the "corresponding objective findings" that she now highlights in her objections. While the ALJ acknowledged Henderson's statements regarding her level of pain, he observed that Dr. Orra's treatments notes indicated that Henderson "demonstrated generally normal functioning despite her impairments." (TR at 79.) The ALJ also observed that treatment notes from Drs. Orra and Belding reflected that Henderson was making normal progress from her treatments and that her demeanor was regularly observed as being pleasant. Given her on-going ability to engage in activities of daily living, and her positive response to treatments, the ALJ determined that Henderson was not suffering from impairments to the extent she had alleged.[5] (TR at 81-82.) As for the "corresponding findings" cited by Henderson, the ALJ also made specific reference to Rosenberg's examination showing positive straight leg bilaterally, but noted that "other examinations showed negative straight leg raise."[6] (TR at 77 (citing record evidence).)

More to the point, Henderson does not dispute that the treatment notes identifying a wide range of activities that Henderson was still able to perform were arguably inconsistent with Dr. Orra's assessed limitations. *See, e.g., Maloney v. Comm'r of Soc. Sec.*, 480 F. App'x 804, 808-09

---

[5] In making his implicit finding that Henderson's subjective complaints of pain were less than fully credible, the ALJ observed that "treatment notes from an office visit with her primary care provider on October 30, 2015 included a report by the claimant that she had to 'call off work earlier this week' due to pain; however, the claimant contended that she had not worked since December 2013." (TR at 82 (citing Dr. Orra's treatment notes).)

[6] The ALJ also observed that "[n]otes indicated that the claimant's gait at times was antalgic but generally independent gait without an assistive device and had no gait difficulty or imbalance." (TR at 77 (citing treatment notes).)

(6th Cir. 2012) (ALJ properly discounted treating physician opinion where it conflicted with plaintiff's own testimony and reports regarding activities and ability to function socially). Her objection also does not take issue with the ALJ's conclusion that Dr. Orra's limitations were inconsistent with those assessed by Henderson's treating orthopedic surgeon, Dr. Belding. *See Cox v. Comm'r of Soc. Sec.*, 295 F. App'x 27, 35 (6th Cir. 2008) ("This Court generally defers to an ALJ's decision to give more weight to the opinion of one physician than another where, as here, the ALJ's decision is support by evidence that the rejected opinion is inconsistent with the other medical evidence in the record.") The ALJ's decision provides "a clear understanding of the reasons for the weight given a treating physician's opinion," and, therefore, fully complies with the treating physician rule. *See Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011) (An ALJ is not required to provide an "exhaustive factor-by-factor analysis" in order to deny a treating source opinion controlling weight).

While it is true that an ALJ may not cherry pick from the record in determining the weight to be given to a treating source opinion, it is equally true that it is not enough for Henderson to simply point to certain treatments notes that support the limitations imposed by Dr. Orra. So long as the ALJ's conclusions are supported by substantial evidence, the Court must affirm the Commissioner's decision, even if there is substantial evidence supporting the opposite conclusion as well. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."); *Gower v. Comm'r of Soc. Sec.*, No. 13-14511, 2015 WL 163830, at *7 (E.D. Mich. Jan. 13, 2015) ("[S]o long as the ALJ's conclusion is supported by

substantial evidence, a court must 'defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion.'") (quoting *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005)). Here, the ALJ's decision to partially discount Dr. Orra's opinion as inconsistent with certain treatment notes and with other record evidence is supported by substantial evidence and, therefore, there is no basis for reversal.[7] *See Schuler v. Comm'r of Soc. Sec.*, 109 F. App'x 97, 101 (6th Cir. 2004) (affirming the district court's decision affirming the Commissioner's denial of social security disability benefits where the ALJ's decision not to accept the treating physician's opinion was supported by substantial evidence).

### III. CONCLUSION

For the reasons discussed above, Henderson's objections to the R&R are overruled. The R&R is accepted. Because the Commissioner's decision is supported by substantial evidence, that decision is affirmed, and this case is closed.

**IT IS SO ORDERED**.

Dated: March 4, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[7] For many of the same reasons, Henderson's objection relating to the treatment of Dr. Belding's opinion that Henderson would require periodic breaks provides no basis for remand. The ALJ acknowledged this opinion but noted that, like Orra's opinion, it was not supported by a detailed narrative or explanation and was inconsistent with record evidence including evidence of Henderson's continued physical activities. (TR at 83.) Henderson essentially complains that while the ALJ noted where the opinions of Drs. Belding and Orra diverged, she failed to highlight where they agreed; namely, with respect to the need for breaks. Again, Henderson's objection simply disagrees with the ALJ's assessment of the evidence. Yet, the ALJ properly reviewed *all* of the record evidence in making its decisions regarding the weight to be given to these treating physicians. Because the ALJ's determination as to the weight to be given to both of these treating physicians is supported by substantial evidence, the objection is overruled.